UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KERRIE NEWELL,

                            Plaintiff,

-against-

STATE UNIVERSITY OF NEW YORK
WESTCHESTER COMMUNITY COLLEGE,

                            Defendant.

22-CV-8524 (PMH)

ORDER OF SERVICE

---

PHILIP M. HALPERN, United States District Judge:

      Plaintiff, who is proceeding *pro se*, brings this action under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117, alleging that her employer discriminated and retaliated against her because of her refusal to be vaccinated against the COVID-19 virus. Plaintiff contends that because Defendant regards her as having a disability, Defendant's treatment of her violates the ADA. By order dated October 11, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP")

## DISCUSSION

      Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

To allow Plaintiff to effect service on Defendant the State University of New York Westchester Community College through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant.[2] The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendant State University of New York Westchester Community College, complete the USM-285 forms with the address for this defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail an information package to Plaintiff.

SO ORDERED.

Dated: White Plains, New York
      October 14, 2022

PHILIP M. HALPERN
United States District Judge

---

[2] On October 6, 2022, Plaintiff submitted a letter to the court requesting service of the summons and complaint by the Westchester County Sheriff's Office, citing to the three-months' backlog that the U.S. Marshals are currently experiencing for service. (Doc. 5). The Court cannot direct service through the Westchester County Sheriff's Office, but Plaintiff can choose to take responsibility for service on Defendant.

**DEFENDANT AND SERVICE ADDRESS**

1. The State University of New York
   Westchester Community College
   75 Grasslands Rd.
   Valhalla, New York 10595